Approved: _____
Christopher D. Brumwell
Assistant United States Attorney

Before: HONORABLE JUDITH C. McCARTHY
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - X   19mag8913

UNITED STATES OF AMERICA          :   **SEALED COMPLAINT**

          - v. -                  :   Violations of
                                      21 U.S.C. §§ 841(a)(1),
MARK PINERO,                      :   841(b)(1)(B), and 846

                Defendant.        :   COUNTY OF OFFENSE:
                                      WESTCHESTER
- - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

JUSTIN GRAY, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation, and charges as follows:

COUNT ONE

1. From at least on or about September 18, 2019 up to and including at least on or about September 20, 2019, MARK PINERO, the defendant, intentionally and knowingly did combine, conspire, confederate, and agree with others, to violate the narcotics laws of the United States.

2. It was a part and object of the conspiracy that MARK PINERO, the defendant, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance involved in the offense was mixtures and substances containing 28 grams and more of mixtures and substances containing a detectable amount of crack cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846)

The bases for my knowledge and the foregoing charges

are, in part, as follows:

4. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, including my review of pertinent documents and recordings, my participation in surveillance, my examination of reports and records, and my conversations with other law enforcement officers and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. On or about September 16, 2019, a grand jury sitting in this district returned an indictment (the "Indictment") charging Randy Sargeant, and others, with a violation of 21 U.S.C. §§ 841(b)(1)(A) & 846 for conspiring to distribute, and possess with intent to distribute, 280 grams and more of crack cocaine from at least 2018 up to and including September 2019. United States v. Randy Sargeant, et al., 19-cr-666 (KMK). As set forth below, I believe that on or about September 18, 2019, MARK PINERO, the defendant, agreed to help Randy Sargeant conceal crack cocaine and powder cocaine from law enforcement, and attempted to dispose of crack cocaine and powder cocaine by placing it in a dumpster in Yonkers, New York.

6. On or about August 26, 2019, the Honorable Cathy Seibel, United States District Judge for the Southern District of New York, issued an Order of Interception authorizing the interception and recording of wire and electronic communications over a call number ending 2941 (collectively, the "2941 Wire" and the "2941 Number," respectively).

7. I believe that Randy Sargeant used the 2941 Number, for the following reasons, among others: in or about May 2019, a co-conspirator of Randy Sargeant told a confidential informant ("the CI") that the 2941 Number was Randy Sargeant's phone number. The CI then proceeded to purchase narcotics from Randy Sargeant via the 2941 Number on at least two occasions. These controlled purchases of narcotics all occurred within the Southern District of New York, in Westchester County.

8. Based on my conversations with law enforcement

2

agents and my review of communications intercepted over the 2941 Wire,[1] I have learned, in substance and in part, that:

    a. On or about September 18, 2019, at approximately 10:50 PM, Randy Sargeant, using the 2941 Number, placed an outgoing call to 914-573-9892 (the "9892 Number"). I have reviewed a recording of this phone call.

    b. Based on my training, experience, and participation in this investigation, I believe that the 9892 Number is used by Crystal Martinez—who is one of Randy Sargeant's co-defendants in the Indictment—because it is subscribed in her name, and because in a phone call intercepted over the 2941 Wire, Randy Sargeant dials the 9892 number and calls the individual on the other line "Crystal."

    c. During the September 18, 2019, 10:50 P.M. call to the 9892 Number, Randy Sargeant speaks to Crystal Martinez, and tells her, in substance and in part, "let me talk to Mark, put him on the phone." Subsequently, an individual I later identified as MARK PINERO, the defendant, picks up the 9892 Number and greets Randy Sargeant.

    d. Randy Sargeant then tells PINERO to look for a car making a U-turn and says, "coming back down the block." Randy Sargeant also tells PINERO, "they coming down towards me right now." Sargeant then tells PINERO, "call the cab and get the volume in the bag now." PINERO replies, in substance, "alright." Based on my training, experience, and participation in this investigation, I believe that "the volume" referred to a quantity of narcotics, and that, in substance, Randy Sargeant was directing PINERO to remove narcotics from 67 Van Cortlandt because he was worried that law enforcement was going to search that location.

    9. On or about September 19, 2019, I and other members of law enforcement spoke to MARK PINERO, the defendant. I informed PINERO, in substance, that we had intercepted the

---

[1] Where I refer to the contents of previously recorded communications, my quotations and descriptions are based on preliminary draft summaries and transcriptions, my review of the recordings, and/or my discussions with other individuals.

3

phone call set forth in paragraph 8, above. In response, PINERO said, in substance, that:

    a. He lives at 67 Van Cortlandt Park Avenue, Yonkers, NY ("67 Van Cortlandt") with Crystal Martinez;

    b. He was at 67 Van Cortlandt on September 18, 2019, and he spoke to Randy Sargeant during the call described in paragraph 8 above;

    c. He removed a bag from 67 Van Cortlandt, and took it with him in a cab.

    10. On or about September 20, 2019, members of the Yonkers Police Department recovered a black suitcase (the "Black Suitcase") from a dumpster in the vicinity of an apartment building (the "Apartment Building") in Yonkers, New York. Attached to the Black Suitcase was a luggage tag bearing the name "Sargeant, Ran." Based on my conversations with members of the Yonkers Police Department, I know that the Black Suitcase was opened and searched, and contained substances that appeared to be crack cocaine, powder cocaine, and a white substance that I know to be used in the preparation of crack cocaine. These substances were field tested, and the results indicated that they contained cocaine base and powder cocaine. Additionally, these substances were weighed, and the crack cocaine weighed approximately 4 grams, and the powder cocaine weighed approximately 13.8 grams.

    11. On or about September 20, 2019, I and other members of law enforcement obtained surveillance video depicting the lobby of the Apartment Building on or about the evening of September 18, 2019. I have reviewed that video surveillance, and I know that at approximately 11:15 P.M., MARK PINERO, the defendant, is carrying the Black Suitcase through the lobby of the Apartment Building.

    12. Based on my training, experience, and participation in this investigation, I believe that on or about September 18, 2019, Randy Sargeant directed MARK PINERO, the defendant, to remove narcotics from 67 Van Cortlandt to prevent law enforcement from discovering them. I further believe that PINERO agreed to assist Randy Sargeant by removing narcotics from 67 Van Cortlandt on or about September 18, 2019 in the Black Suitcase. I believe that PINERO then attempted to dispose of the narcotics in the Black Suitcase by placing it in the dumpster in the vicinity of the Apartment Building.

4

13. Based on my training, experience, participation in this investigation, and review of documents and reports, I believe that it was reasonably foreseeable to MARK PINERO, the defendant, that Randy Sargeant was transacting more than 28 grams of crack cocaine, based on the following reasons, among others: Randy Sargeant sold over a half kilogram of crack cocaine in two transactions, as alleged in the Indictment; Randy Sargeant trusted PINERO to dispose of narcotics for him; PINERO personally handled approximately 4 grams of crack cocaine as well as 13.8 grams of powder cocaine and a substance used in connection with cooking powder cocaine into crack cocaine; based on my training, experience, and participation in this investigation, I know that Randy Sargeant and his co-conspirators use 67 Van Cortlandt, where PINERO lives, as a location to prepare and distribute crack cocaine.

WHEREFORE, the deponent respectfully requests that MARK PINERO, the defendant, be arrested and imprisoned or bailed, as the case may be.

_____
JUSTIN GRAY
Special Agent
Federal Bureau of Investigation

Sworn to before me this
20 day of September, 2019

_____
HONORABLE JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK